NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 14, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1328

| | |
|---|---|
| ROBERT K. DECKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of |
| | Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:20-cv-00135-JRS-DLP |
| BRIAN LAMMER, Warden, | |
| *Defendant-Appellee.* | James R. Sweeney II, |
| | *Judge.* |

**O R D E R**

Robert Decker, a federal prisoner, appeals the district court's interlocutory order denying his request for injunctive relief. Because the court correctly concluded that Decker could not demonstrate some likelihood of success on the merits, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Decker has a long history of abusing his phone privileges. Because of that history, he is housed at Federal Correctional Institution, Terre Haute's Communication Management Unit—a high-security wing that closely monitors inmates' interactions with the outside world. By March 2020, he had received nine phone-abuse incident reports for, among other things, making unauthorized calls when given permission to call his son and using other prisoners' phone accounts. His prison's warden, Brian Lammer, responded by restricting Decker's phone privileges to a single 15-minute call per month; Lammer has since granted Decker's request for a second call each month.

On March 5, 2020, Decker sued Lammer under 42 U.S.C. § 1983 for retaliating against him, in violation of the First Amendment, because of lawsuits and grievances he had filed. Decker sought injunctive relief that would prevent Lammer from limiting his phone access.

On March 15, 2020, Decker moved for what he called a temporary restraining order, seeking to enjoin Lammer from restricting his phone usage until Lammer answered that motion or his complaint. Decker argued that he was likely to succeed on the merits of his motion, given his high risk of death from COVID-19, Lammer's lack of proof that he abused his phone privileges, and the tension between the prison's restrictions and a Michigan court's child-visitation order allowing Decker to speak with his son twice weekly by phone and once monthly by video.

Three months later, at screening, *see* 28 U.S.C. § 1915A, the court ordered Lammer to respond to Decker's motion (which Lammer did, but he took 95 days to do so after he was served). Over the ensuing five months, Decker filed three more motions for a temporary restraining order or a "temporary injunction/restraining order."

In January 2021, the district court denied the motion. In doing so, it drew upon this court's identically worded test for a preliminary injunction. *See HH-Indianapolis, LLC v. Consol. City of Indianapolis & Cnty. of Marion*, 889 F.3d 432, 437 (7th Cir. 2018). The court also quoted a portion of the Prison Litigation Reform Act that stressed the need to tailor preliminary injunctive relief to the alleged harm. *See* 18 U.S.C. § 3626(a)(2). Ultimately, the court determined that Decker could not satisfy one of the prerequisites for a preliminary injunction—a likelihood of success on the merits—because his conclusory assertions of retaliation were rebutted by Lammer's evidence, which included Decker's call records and misconduct reports. And, the court concluded, Decker's COVID-19 argument was unrelated to phone access.

On appeal, Decker argues that he does have some likelihood of success on the merits because Lammer is bound by the Michigan court's visitation order. The warden, however, raises a threshold argument: If this is an appeal from the denial of a motion for a temporary restraining order (rather than a preliminary injunction), then this court lacks jurisdiction because a temporary restraining order is not appealable under 28 U.S.C. § 1292(a)(1). *See Cnty., Mun. Emps.' Supervisors' & Foreman's Union Local 1001 v. Laborers' Int'l Union of N. Am.*, 365 F.3d 576, 578 (7th Cir. 2004). Lammer argues that Decker's motion should be treated as a request for a temporary restraining order because Decker referred to is as such, the district court referred to it as such even though it referenced the standards for preliminary injunctive relief, the court did not hold a hearing, and the length of the court's order was more appropriate for a temporary restraining order than a preliminary injunction. Decker responds that he did not know the difference between the two types of relief at the time of his motion.

To distinguish a preliminary injunction from a temporary restraining order, courts look to the substance of the relief sought and the district court's handling of the motion. *See Sampson v. Murray*, 415 U.S. 61, 86–88 (1974); *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA) S.C.*, 964 F.2d 599, 600 (7th Cir. 1992). The essence of a temporary restraining order is "its brevity, its ex parte character, and … its informality." *Geneva*, 964 F.2d at 600. Moreover, the name given to the motion by the court or the parties is not determinative; otherwise, courts could evade review by characterizing a preliminary injunction as a temporary restraining order. *See Abbott v. Perez*, 138 S. Ct. 2305, 2319–20 (2018); *Doe v. Vill. of Crestwood*, 917 F.2d 1476, 1477 (7th Cir. 1990).

The district court's handling of Decker's motion and the substance of the relief he sought suggest that his motion should be construed as a request for a preliminary injunction. Most notably, the court's eight-month delay in ruling on the motion is inconsistent with a request for a temporary restraining order. And the court did not issue its order ex parte: It gave notice to Lammer, solicited briefing, and even allowed Lammer to extend the deadline for his response. Further, the court cited precedent and gave reasons for its denial, as would be required if it were denying preliminary injunctive relief. *See* FED. R. CIV. P. 52(a)(2). The length of the injunction Decker requested is also consistent with a motion for a preliminary injunction. A temporary restraining order may not exceed 14 days without good cause. *See* FED. R. CIV. P. 65(b)(2). Yet Decker sought an injunction potentially lasting until Lammer answered the complaint, something that Lammer had 21 days to do once he was served. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

As for the merits of his motion (which we will treat as a request for preliminary injunctive relief), Decker argues that the district court erred by failing to recognize that Lammer was bound by the Full Faith and Credit Clause to comply with the Michigan court's order. But we agree with the district court that Decker cannot show some chance of success on the merits. *See Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021). Decker offers nothing to overcome Lammer's evidence that the phone restrictions were triggered by Decker's documented history of circumventing the prison's phone rules. Further, Lammer is not bound to comply with the Michigan court's order because he was not a party to the state litigation.

AFFIRMED